## PEMBROKE v. EPSOM.

In an action for supplies for a pauper whose settlement was claimed to have been acquired in the defendant town prior to January 1, 1820, it appeared that the supplies were furnished prior to July 3, 1861; that notice of the expenditures was given March 11, 1861, and the action commenced December 31, 1861. On the fourth day of July, 1861, an act was passed by the legislature abolishing settlements acquired prior to January 1, 1820, with a proviso that no pending suit should be affected by said act;—

*Held*, that the right of action had so far vested that the legislature could not impair the same; that the language used could not be construed as implying any such actual intention; and that the cause of action in this case was covered by the saving clause of the statute.

ASSUMPSIT for the support of a pauper alleged to have a settlement in Epsom.

This action was commenced December 31, 1861. The support was furnished between December 8, 1860, and July 3, 1861. The notice to Epsom was dated March 5, 1861, served March 6, 1861, and return made to the clerk's office March 13, 1861.

The settlement which the plaintiffs claim that the pauper had in Epsom, was acquired, if at all, prior to January 1, 1820.

The defendants claimed that, under these circumstances, they were not liable, and the questions arising in the case were transferred.

*Minot & Mugridge*, for the defendants, cited *Wilton* v. *New Vineyard*, 43 Me. 315; *Mace* v. *Nottingham*, 1 N. H. 52; *Otis* v. *Strafford*, 10 N. H. 352; *Exeter* v. *Stratham*, 2 N. H. 102.

*Fowler & Chandler*, for the plaintiffs, cited *Rich* v. *Flanders*, 39 N. H. 304; Rev. Stat., ch. 66, secs. 9, 10, 11, 12, 13 and 14; Comp. Laws 159, 160; Constitution of N. H., Bill of Rights, Art. 23; *Merrill* v. *Sherburne*, 1 N. H. 213; *Wooart* v. *Winnick*, 3 N. H. 473; *Society* v. *Wheeler*, 2 Gall. 139; *Dow* v. *Norris*, 4 N. H. 19; *Clark* v. *Clark*, 10 N. H. 386, and authorities collected in opinions *passim*; Broom Legal Maxims 518, 521; Bacon Maxims, reg. 21.

NESMITH, J. The act known as Chapter 2482 of the Pamphlet Laws, passed July 4, 1861, relating to the settlement of paupers, changing the settlement of the pauper in question, went

into effect upon its passage. It contained the following proviso : " That no pending suit should be affected thereby." Assuming, then, that the plaintiffs had, in good faith, made expenditures for the pauper here, chargeable to the defendant town, and that on the 13th of March, A. D. 1861, and prior to the repeal of the law of 1820, due notice thereof, according to our statute, was served on the town of Epsom, the plaintiffs must thereby have established for themselves a perfect right of action under the law as it then stood.

This right of action having vested fully in the plaintiffs, could not be legally or constitutionally cut off by any legislative enactment. This question has been often settled in this State. Thus, no right thus acquired could be divested or impaired by any act of the legislature, as it would be retrospective in its operation, therefore unconstitutional and void. *Dow* v. *Norris*, 4 N. H. 19 ; *Clark* v. *Clark*, 10 N. H. 386 ; *Adams* v. *Haskell*, 27 N. H. 289 ; *Rich* v. *Flanders*, 39 N. H. 304, and authorities there cited.

The plaintiffs incurred a debt on account and for the benefit of the defendants, and having complied with the statute duties by giving due notice to the defendant town, had only to consummate the right, before perfect, by bringing their action of December 31.

But, from a fair interpretation of the proviso contained in the repealing clause of the act of July 4, 1861, we are unable to come to the conclusion that the legislature intended " to affect any act done, or any right acquired or established, or any suit or proceeding had or commenced in any civil cause before the time when said repeal shall take effect." Rev. Stat., ch. 1, sec. 26.

From the express negative language of the second section of said act, exempting pending suits from its operation, a strong implication arises, that pending causes of action were also legitimately embraced in the terms of said statute, and to be also exempted from its operation, more especially as the statute is evidently designed to be prospective in its objects.

The court do not feel called upon so to construe this statute as to determine that the legislature intended to violate either their ordinary rules of legislation by the passage of retrospective laws, or the more significant rule of action contained in the aforesaid statute law, nor the 23d article of the bill of rights in our constitution, all tending to restrain legislative bodies within their proper and just bounds.

In other words, we see no necessity to give a construction to this repealing statute which shall be inconsistent either with the statute law or the constitution. We think we do no violence to the just rules of interpretation of statutes, in declaring that a cause of action is tantamount to a pending suit, and is within the statute under consideration. Under this view of the case there must be

*Judgment for the plaintiffs.*